```
                    IN THE VERMONT SUPERIOR COURT
                    WASHINGTON COUNTY CIVIL DIVISION



JUVENILE #1 (N.B.),              ) Case No.  192-4-19 Wncv
        Plaintiff,               )
                                 ) Montpelier, Vermont
-against-                        )
                                 ) April 30, 2019
KENNETH SCHATZ, COMMISSIONER,    ) 9:04 AM
DEPARTMENT FOR CHILDREN AND      )
FAMILIES,                        )
        Defendant.               )
                                 )


                     TRANSCRIPT OF COURT TRIAL

              BEFORE THE HONORABLE MARY MILES TEACHOUT,
                        SUPERIOR COURT JUDGE


APPEARANCES:

KERRIE L. JOHNSON, ESQ.
DAWN M. SEIBERT, ESQ.
Attorneys for the Plaintiff

DAVID R. MCLEAN, ESQ.
Attorney for the Defendant

ALSO PRESENT:

GEORGE BELCHER, Guardian Ad Litem
JAY SIMONS, Department for Children and Families
ARON STEWARD, Department for Children and Families


Transcription Services:                    eScribers, LLC
                                           7227 N. 16th Street
                                           Suite 207
                                           Phoenix, AZ 85020
                                           (973) 406-2250


PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```



1    A.  Very concerned.  So again, I -- I am extremely
2    concerned that a young person, particularly who might be obese
3    or have asthma or a combination of the -- both, is going to
4    die from positional asphyxiation, based on those techniques.
5    I'm also concerned that individuals with a trauma history are
6    being retraumatized, which is very damaging to them and -- and
7    probably will result in a pattern of continually acting out in
8    a way that will lead to further trauma -- traumatic
9    situations.  And I'm also concerned, actually, about the
10   staff; I feel the way in which they're trained is putting them
11   in positions where they're experiencing trauma themselves --
12   secondary trauma, and that can't be good.  It can't be good to
13   have to have situations in which you're putting a young person
14   in pain repeatedly.
15       Q.  So are you saying that the staff are experiencing
16   trauma because they're taught to conduct restraints in way
17   that hurts the kids?
18       A.  Yes, exactly.
19       Q.  Okay.  What if I told you that there were two more
20   restraints in April that were problematic and similar, but not
21   quite exactly the same ways as this one?
22           MR. MCLEAN:  Objection.  This is way beyond the scope
23   of this hearing.  This apparently refers to incidents that
24   occurred after the complaint was filed.  It's completely
25   irrelevant to the issue in this case as to whether the