UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DISABILITY RIGHTS VERMONT, )
)
    Plaintiff, )
)
v. )   Case No. 5:19-cv-106
)
STATE OF VERMONT; DEPARTMENT )
OF CHILDREN AND FAMILIES; KEN )
SCHATZ, COMMISSIONER, in his official )
capacity; and JAY SIMONS, WOODSIDE )
JUVENILE REHABILITATION )
DIRECTOR, in his official capacity; )
)
    Defendants. )

**PRELIMINARY INJUNCTION ORDER**

Following an evidentiary hearing on July 22, 2019, and based upon the Order on Motion for Preliminary Injunction issued today, the court enters a preliminary injunction concerning practices and policies at the Woodside Juvenile Rehabilitation Center.

This injunction issues on the basis of the court's determination that Plaintiff has met its burden of demonstrating irreparable harm and a likelihood of success on the merits. Fed. R. Civ. P. 65. The nature of the case is not one in which security is required.

This injunction concerns three related areas of concern: practices concerning restraint, seclusion and the treatment of youth in mental health crisis.

    **A.**   **Restraint**

The parties have already stipulated that the current restraint manual and practices will be replaced with a nationally-recognized model which is acceptable to both sides. The court orders that this replacement with the requisite training occur as quickly as reasonably feasible.

1

Defendants will report on progress in completing this change at hearings held at six-week intervals.

### B.  Seclusion

Within six weeks, Defendants shall develop a seclusion policy which greatly limits the practice of isolating youth in the North Unit for long periods of time. This policy shall be developed in consultation with Plaintiff and its expert witnesses. The court will review progress in developing a seclusion policy that is consistent with national standards and that will change the current practice of holding some youth in seclusion for weeks or longer.

### C.  Treatment of Youth in Mental Health Crisis

Within six weeks, Defendants shall develop a detailed policy for treating youth experiencing severe mental health symptoms. The policy shall recognize both Woodside's capacity for providing such care and also the limitations of its area of competence. The policy shall clearly identify the point at which Woodside lacks the ability to provide psychiatric care to a youth and discharge to a higher level of care is necessary. The court recognizes that these judgments are complex and will require coordination with other agencies with overlapping responsibility. The court will review progress in developing a policy that meets constitutional standards at the next hearing.

This order remains in effect until the conclusion of this case.

Dated at Rutland, in the District of Vermont, this 9th day of August, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court