# EXHIBIT A

## SETTLEMENT AGREEMENT

Plaintiff Disability Rights Vermont ("DRVT") and the State of Vermont's Department for Children and Families, Ken Schatz, in his official capacity as Commissioner of the Department for Children and Families, and Jay Simons, in his former capacity as Director of Woodside Juvenile Rehabilitation Center, (collectively "DCF") hereby agree as follows:

1. Consideration: In consideration for the changes to policies and practice set forth below, along with monitoring, and the payment of costs and attorneys' fees as set forth herein, Plaintiff agrees to the full and complete settlement and release of all claims that were asserted or could have been asserted in the action captioned Disability Rights Vermont v. State of Vermont Department for Children and Families, et al., Civil Action No. 5:19-cv-106.

2. Monitoring of Policy Changes: During the course of this litigation, working collaboratively with DRVT, DCF has created and/or changed policies titled: (1) Intake and Screening; (2) Clinical Crisis and Acute Psychiatric Response; and (3) Emergency Safety Interventions (collectively the "Revised Policies") (attached). The Court has reviewed and approved the Revised Policies. For a period of eighteen months starting from the Effective Date of this agreement, or until Woodside closes, whichever comes first, the Licensing and Protection Division of the Department for Disabilities, Aging and Independent Living ("DAIL") shall review documentation and videotapes of all emergency safety interventions, in order to respond to the criteria listed in Exhibit A to this Agreement. Woodside staff shall produce all documentation of an emergency safety intervention, including surveillance video, to DAIL and Residential Licensing and Special Investigations unit of DCF ("RLSI") within three business days of the intervention.

DAIL shall provide the results of its review to DCF, RLSI and DRVT via a written report indicating all incidents reviewed and its findings with respect to the criteria in Exhibit A. These reports will be provided quarterly to DRVT starting on April 1, 2020.

3. Monitoring of Implementation of Safe Crisis Management: With DRVT's consent, Woodside implemented Safe Crisis Management ("SCM"), a model for addressing de-escalation, restraint and seclusion in residential facilities. DCF retained JKM Training, Inc. ("JKM"), a human services and training company, to train Woodside staff in using the SCM model.

For a period of eighteen months starting from the Effective Date of this agreement, or until Woodside closes, whichever comes first, JKM shall conduct reviews of the practices at the Woodside facility, and observe interactions between staff and residents, particularly the use of de-escalation techniques, and restraint and seclusion practices, through the observation of surveillance footage of actual interventions. These reviews shall occur at six-month intervals. JKM shall identify any instances or areas of concern, and any staff member involved in an emergency safety intervention that is not authorized by SCM or who has not otherwise complied with SCM will receive refresher training on SCM from JKM within 30 days after the issue is identified by JKM. JKM will issue a report on their observations and findings and provide it to the Parties within 30 days of each six-month observation period.

4. Leadership of Woodside: If the Legislature does not act to close Woodside during the 2020 legislative session, DCF will retain a Ph.D. level psychologist or a Medical Doctor to act as the Director of Woodside. If the Legislature does not pass legislation before June 1, 2020 to close Woodside within 18 months, DCF will provide to Plaintiff documentation of the commencement of an effective search effort for a new Director that is capable of and is intended to obtain a new Director by October 1, 2020. Any new Director, in addition to a Ph.D. in

Psychology or a medical degree, must have substantial experience in adolescent mental health treatment in secure facilities or similar experience. If for any reason, the current Director, Frank Reed, leaves his position, DCF will commence a search for a new Director immediately and provide Plaintiff documentation of same as specified above.

5. The North Unit: During the litigation, Woodside discontinued the use of the North Unit and has not placed residents in the North Unit since. If the Legislature does not pass legislation before June 1, 2020 to close Woodside within 18 months, DCF will provide to Plaintiff documentation of the commencement of an effective plan to renovate the North Unit to create office spaces for staff and therapeutic spaces for counseling.

6. Court Jurisdiction: The parties request that the Court retain jurisdiction of this action for 18 months from the Effective Date of this agreement or until Woodside closes, whichever comes first, or, through any date set by further order of the Court. While the Court has jurisdiction, Plaintiff may move for any appropriate relief in the event that 1) DAIL reports that the criteria in Exhibit A were not met, 2) JKM reports that that there are areas of concern with respect to Woodside's compliance with SCM, or 3) RLSI issues a finding that any of the three policies identified in paragraph 2 of this Agreement were violated. Appropriate relief may include an extension of the Court's jurisdiction over this matter and/or an enlargement of the monitoring periods established in paragraphs 2 and 3. All other disagreements over compliance with this Settlement Agreement shall be handled in the manner provided in Paragraph 8 – Dispute Resolution.

If the Court does not grant final approval of the Settlement Agreement, including the retention of jurisdiction, this Settlement Agreement shall become null and void.

7. <u>Order of Dismissal and General Release</u>: The Court shall enter an Order of Dismissal, 1) eighteen months after the date of approval of this Agreement by the Court, absent further extension by the Court, or (2) the effective date of Woodside's closure as specified in statute, whichever comes first. DRVT shall execute a General Release in the form attached as Exhibit B, which will become effective upon entry of an order of dismissal by the Court.

8. <u>Dispute Resolution</u>: If any Party alleges non-compliance with the terms of this Settlement Agreement, the Party alleging non-compliance shall notify the other Party in writing of the alleged non-compliance and the Parties shall have 30 days to negotiate a resolution in good faith. With the consent of the Parties in writing this 30-day period of negotiation may be extended. If a matter is not resolved through negotiations, it may be presented to the Court for resolution.

9. <u>Costs and attorneys' fees</u>: DCF will make a payment of attorneys' fees and costs in the amount of $60,000 to be paid to DRVT. Payment shall be made within 45 days of Court approval of this Settlement Agreement.

10. <u>Accord and Satisfaction</u>: This Settlement Agreement is an accord and satisfaction and resolution of all disputed claims to avoid litigation.

11. <u>Authorship</u>: This Agreement has been drafted by the Parties collaboratively and the Parties acknowledge that no provision may be interpreted in favor of any Party based upon the drafting of this Agreement.

12. <u>Severability</u>: If any provision of this Settlement Agreement shall be declared by any court of competent jurisdiction to be illegal, void or unenforceable, other provisions shall remain in full force and effect.

13. <u>Entire Agreement</u>: This Settlement Agreement sets forth all terms of the Parties' understanding. All prior understandings and discussions are merged into this Settlement Agreement.

14. <u>Amendment</u>: The Settlement Agreement may not be amended, modified or waived, except by written agreement of the Parties.

15. <u>Execution</u>: The Settlement Agreement may be executed in counterparts.

16. <u>Choice of Law</u>: This Settlement Agreement will be interpreted in accordance with the laws of the State of Vermont.

17. <u>Effective Date</u>: This Agreement will take effect on the date the date of approval by this Court.

DATED at Montpelier, Vermont this 18th day of March, 2020.

                                               DISABILITY RIGHTS VERMONT

                                               Ed Paquin, Executive Director

DATED at Waterbury, Vermont this 18th day of March, 2020.

                                               VERMONT DEPARTMENT FOR CHILDREN
                                               AND FAMILIES

                                               Ken Schatz, Commissioner